121 N.J. Super. 221 (1972)
296 A.2d 541
LOCAL 1199, DRUG & HOSPITAL EMPLOYEES UNION, AFL-CIO, ET AL., PLAINTIFFS,
v.
MOUNTAINSIDE HOSPITAL, DEFENDANT. LOCAL 68, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, PLAINTIFF,
v.
MOUNTAINSIDE HOSPITAL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 1, 1972.
*222 Mr. Philip Freedman, Attorney for plaintiffs, Local 1199, Drug & Hospital Employees Union, AFL-CIO, and others. (Messrs. Teltser & Greenberg).
Mr. Victor J. Parsonnet, Attorney for plaintiff, Local 68, International Union of Operating Engineers, AFL-CIO (Messrs. Parsonnet, Parsonnet & Duggan).
Mr. Edward F. Ryan, Attorney for defendant, Mountainside Hospital (Messrs. Carpenter, Bennett & Morrissey).
*223 KIMMELMAN, J.S.C.
Mountainside Hospital is a voluntary non-profit hospital located in Montclair, New Jersey. Local 1199 of the Drug & Hospital Employees Union seeks to compel the defendant hospital to recognize it as the collective bargaining representative for the service and maintenance personnel of the hospital numbering about 412 employees or in the alternative, to compel a representation election among such employees to determine whether there will be an authorized bargaining representative for them. Local 68 of the International Union of Operating Engineers contends that it represents a majority of the maintenance employees whose total number is about 38 and likewise seeks to compel either recognition by the hospital or a representation election.
While the hospital may prefer to continue without the intervention of any union, nevertheless, it realistically recognizes the inevitability of a union election involving these employees and, assuming that event, argues that it should not be compelled to deal with more than one union. The hospital is apprehensive about the fragmentation of its employees into more than one bargaining group. It foresees an increased burden to its administrative staff and the possibility of friction between competing labor organizations with resultant discord amongst employees, all of which will jeopardize the continuity and quality of the services it renders to the community.
As a consequence, the narrow issue for decision is whether the maintenance employees sought to be represented by Local 68 shall be carved out of the broader service and maintenance group sought to be represented by Local 1199. The defendant hospital urges that an election should only be ordered for the most appropriate bargaining unit which it contends is the overall service and maintenance group. Thus, the court is called upon to determine whether there may be more than one appropriate collective bargaining unit for the broad category of service and maintenance employees of a voluntary non-profit hospital.
*224 Article I, paragraph 19 of the Constitution of New Jersey, 1947 provides: "Persons in private employment shall have the right to organize and bargain collectively." By virtue of this authority courts of this State have the power to order a representation election and to require a private non-profit hospital to bargain collectively with a designated collective bargaining representative, even though employees in a private non-profit hospital such as the defendant are expressly excluded from the scope of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 151 et seq. Johnson v. Christ Hospital, 84 N.J. Super. 541, 548 (Ch. Div. 1964) aff'd 45 N.J. 108, 110 (1965); Bowman v. Hackensack Hospital Associates, 116 N.J. Super. 260 (Ch. Div. 1971). Note also that such employees are outside the scope of the New Jersey Employer-Employee Relations Act, Chapter 303 of the Laws of 1968, 34 N.J.S.A. 13A-1 et seq., as said Act applies only to public employees.
In the absence of controlling legislation establishing the standard and test required to determine the appropriateness of a collective bargaining unit with respect to voluntary non-profit hospitals, courts may refer to the case law of this jurisdiction and the body of labor law that has developed in both the federal and various state jurisdictions. Johnson v. Christ Hospital, supra; Bowman v. Hackensack Hospital, supra.
In Morand Bros. Beverage Co., 91 N.L.R.B. No. 58, 26 LRRM 1501 (1950) the National Labor Relations Board ruled that there is no requirement under the provisions of the National Labor Relations Act that a bargaining unit must be the only appropriate unit, or the ultimate unit, or the most appropriate unit, the only requirement being that the unit must be an appropriate unit to insure to employees, in each particular case, the fullest freedom in exercising the rights guaranteed to them by the National Labor Relations Act. State labor relations boards in both New York and Pennsylvania observe the same standard. Thus, where an application was made by a union to act as *225 the bargaining representative for the combined group of service and maintenance employees in a voluntary non-profit hospital, such combined group was found to be an appropriate unit, absent a similar application for a portion of the group by a competing union. St. John's Queens Hosp., 26 SLRB 529 (1963); Hayes Seventy Third Corp. Physicians Hosp., 26 SLRB 428 (1963). On the other hand, where union organizations have vied to represent the service and maintenance employees as separate bargaining units, the division of these employees into separate units has likewise been found appropriate. Long Island College Hospital v. Local 1199, 32 SLRB 210 (1969); Mercy Hospital of Buffalo v. International Union Operating Engineers, Local 907, 31 SLRB 347 (1968); Long Island College Hospital v. Maintenance Division of the Bldg. & Const. Trades, 27 SLRB 406 (1964); Wyckoff Heights Hospital, 27 SLRB 75 (1963); See in Re Employees of the Hahnemann Medical College and Hospital of Philadelphia, No. Pera-R-28-E (Pa. L.R. Bd. 1971). In other words, while the combination of service and maintenance employees into one unit for collective bargaining purposes may produce an appropriate unit, such fact does not preclude the alternative of separating each group into individual bargaining units under suitable circumstances.[1]
The National Labor Relations Board sets forth the criteria for determining the appropriateness of a bargaining unit as follows:
*226 First and foremost is the principle that mutuality of interest in wages, hours, and working conditions is the prime determinant of whether a given group of employees constitute an appropriate unit. In deciding whether the requisite mutuality exists, the Board looks to such factors as the duties, skills and working conditions of the employees involved and especially to any existing bargaining history ... the Board also considers the extent of organization, and the desires of employees where one of two units may be equally appropriate. Continental Baking Co., 99 N.L.R.B. 123, 30 LRRM 1119, 1120 (1952).
Similarly, the New Jersey Employer-Employee Relations Act speaks in terms of defining the negotiating unit with due regard for the community of interest among the employees involved. N.J.S.A. 34:13A-5.3.
In the instant case, had there been no contest between competing units, I would have no hesitancy in finding that the service and maintenance employees as a combined group form an appropriate bargaining unit. However, the fact is that Local 68 seeks to eliminate from such combined group the maintenance employees, and it would appear that such is the desire of the maintenance employees. Under these circumstances, the court must determine whether the two groups can be differentiated for bargaining purposes.
On the basis of the testimony in this case, I find that as a group the maintenance employees at Mountainside Hospital are paid a relatively higher scale of wages than the service employees. Their duties are performed throughout the entire hospital complex and not confined along fixed departmental lines as is the case with the service workers. They are generally technically more proficient and are classified in job categories separate and distinct from the service employees. The nature of their work coupled with the skill does not provide an inherent community of interest or an interchange with the lesser skilled service group. While these distinctive characteristics may not be as pronounced when considering the helpers and unskilled workers in the maintenance group, generally speaking, such lower level maintenance personnel aspire in due course to the higher paid and more skilled *227 level. Lastly, as heretofore indicates, the maintenance employees desire to create their own identity for bargaining purposes. I therefore conclude that the maintenance employees as a group have a community of interest of their own and may be regarded as an appropriate unit, separate and distinct from the service employees who may also be regarded as an appropriate unit. I adopt the reasoning the New York State Labor Relations Board in the Wyckoff Heights Hospital case, supra, as follows:
On the one hand, they are a homogeneous group of skilled employees having relatively higher earnings and no interchange with the service employees, as well as a history of bargaining in, and Board decisions establishing, separate units of skilled building maintenance employees in non-hospital cases. On the other hand, there is our policy against over-compartimentalization of hospitals into numerous small bargaining units, and prior Board decisions (uncontested to be sure) finding maintenance and service units appropriate in hospitals, as well as some history of bargaining in the hospital industry whereby the maintenance employees have been included in the same unit as the service employees. We find that these factors are equally balanced ... Accordingly, as we have done in similar situations, we shall ascertain, by a self determination election, the desires of the engineer maintenance employees as to whether they prefer to bargain in a separate unit, or in a larger unit including the service employees. 27 SLRB at 83.
I am mindful of the apprehensiveness and anxiety of the hospital in this case but nevertheless must base this decision upon the facts as they exist and not as they are fancied to exist at some time in the future. Should dissension and a consequent breakdown in the services rendered by the hospital to the community occur in the future then the hospital may apply to the appropriate forum for whatever relief may be warranted at the time.
Counsel are directed to prepare an appropriate Order for Judgment in conformity with this opinion which order shall provide for an election to determine whether or not the maintenance and service employees desire to be represented *228 and to determine if there are to be separate units in accordance with the wishes of the employees, said election or elections to be held after a reasonable campaign period, not later than 45 days from the date of the Order.
NOTES
[1] By way of illustration reference was made at the trial to the status of bargaining units in certain representative New Jersey voluntary non-profit hospitals, e.g. the service and maintenance employees are represented in a single bargaining unit by Local 1199 at: Clara Maass  Belleville; Orange Memorial  Orange; Helen Fuld  Trenton; St. Mary's  Hoboken; and Middlesex General  New Brunswick; Local 1199 represents the service employees and Local 68 represents the maintenance employees in separate bargaining units at: St. Michael's  Newark; St. Barnabas  Livingston; Hebrew Home & Hospital  Jersey City; and Beth Israel  Newark; and Local 68 represents the maintenance employees at East Orange General.